97 F.3d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Toni TEMPLE, Plaintiff-Appellant,
v.
Donald B. GUNSALUS, et al., Defendants-Appellees.
 No. 95-3175.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1996.
 
 Before: MARTIN, JONES and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a summary judgment for the defendants in a handicap discrimination suit brought under the National Housing Act. The central issue is whether a jury could have been permitted to find the defendant landlords guilty of failing to make the "reasonable accommodations" required by statute for people with handicaps.
 
 
 2
 Upon de novo review of the record, we reach the same conclusion as did the district court: the plaintiff failed to show that if the case had been permitted to go to trial, she would have been able to produce evidence on the reasonable accommodation issue sufficient to withstand a motion for judgment as a matter of law. We shall therefore affirm the judgment entered by the district court.
 
 
 3
 * The defendant landlords, Donald and Patricia Gunsalus, owned a duplex in Parma, Ohio. In December of 1991 the Gunsaluses rented the upper unit of the building to the plaintiff, Toni Temple. The lower unit had been occupied for some time by another tenant, Melissa Spanier, and her two young children.
 
 
 4
 Plaintiff Temple suffers from multiple chemical sensitivity, a condition for which she receives Social Security disability benefits. When she decided to rent from the Gunsaluses, Ms. Temple asked that the carpet in the apartment be removed and not replaced. The Gunsaluses complied with this request. Ms. Temple further asked that the apartment be cleaned with specified products. The Gunsaluses complied with this request as well. They also cleaned the ductwork in the house at Ms. Temple's request, and--again at her request--they refrained from repainting the apartment before Ms. Temple moved in.
 
 
 5
 Early in 1992 the Gunsaluses were informed that in her daily cleaning of the downstairs apartment, Ms. Spanier--a meticulous housekeeper--was using products the fumes from which caused a problem upstairs. Ms. Spanier had been cleaning her floors with Pine Sol, and at Ms. Temple's request she switched to Lysol, a less irritating cleaner. If the switch ameliorated the problem, it did not end it. Ms. Temple asked Ms. Spanier to cover her registers with aluminum foil when she did her cleaning. Ms. Spanier complied with this request, apparently, but fumes still drifted upstairs into Ms. Temple's unit. The Gunsaluses sent Ms. Spanier a letter asking her to reduce her use of products that were proving irritating to Ms. Temple, but in subsequent deposition testimony Ms. Temple took the position Ms. Spanier and her family ought to have been evicted.
 
 
 6
 The Spaniers were not evicted. Ms. Temple quit the premises instead, and subsequently instituted the present action in the United States District Court for the Northern District of Ohio. Asserting claims under the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 et seq., and a similar Ohio statute, Ohio Rev.Code § 4112.02, she sought compensatory damages of $50,000 and punitive damages of $100,000. After the district court (Matia, J.) entered summary judgment for the defendants, Ms. Temple perfected a timely appeal.
 
 II
 
 7
 The Fair Housing Act makes it unlawful to discriminate in the rental of a dwelling place, or in the terms, conditions, or privileges of such a rental, based on an individual's handicap. "Discrimination," in this context, includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling...." 42 U.S.C. § 3604(f)(3)(B). See also Ohio Rev.Code §§ 4112.02(H)(15-18).
 
 
 8
 The district court offered the following summary of the position taken by the defendants in the case at bar:
 
 
 9
 "Defendants contend that they reasonably accommodated Temple's handicap by (1) removing the carpetting [sic], (2) cleaning the apartment with the specified cleaning products, (3) omitting the repainting of the apartment before Temple moved in, (4) cleaning the ductwork after Temple moved in, and (5) writing a letter to Spanier requesting that she refrain from using products that may be detrimental to Temple's health, including pesticides, fabric softeners and other household chemicals--all at Temple's request."
 
 
 10
 It is undisputed that the Gunsaluses did the things they claimed to have done. It is also undisputed that the Gunsaluses failed to do the one thing that clearly would have satisfied Ms. Temple; the Gunsaluses did not turn Ms. Spanier and her family out of the downstairs apartment that they had been occupying since before the time when Ms. Temple moved into the upstairs apartment.
 
 
 11
 The district court concluded that "[s]uch an accommodation [eviction of the Spaniers] is not required by either federal or state housing discrimination laws, particularly in light of the fact that Spanier was the prior tenant and that her greatest fault appears to be the habit of keeping her premises meticulously clean." We agree.
 
 
 12
 A somewhat analogous situation was presented in Eckles v. Consolidated Rail Corp., --- F.3d ----, 1996 WL 467306 (7th Cir.1996), where a plaintiff who suffered from epilepsy claimed that his employer had violated the "reasonable accommodations" provision of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 et seq., by refusing to let him "bump" a more senior employee out of a job that the plaintiff would have been able to handle notwithstanding his handicap. The court of appeals affirmed a summary judgment for the defendant employer. Pointing out that the conflict was one between the rights of the handicapped employee and the rights of his co-workers, the district court held that as a matter of law the co-workers' rights did not have to be sacrificed on the altar of "reasonable accommodation."
 
 
 13
 The parallel between that case and this one is not exact. The job rights of the co-workers in Eckles were protected by a collective bargaining agreement, for one thing, whereas Ms. Spanier did not have the protection of a long-term lease. Ms. Spanier was not shown to have been an undesirable tenant, however, and she clearly had an interest in not being evicted to accommodate a newer tenant, just as Mr. Eckles' co-workers had an interest in not being bumped out of desirable jobs to accommodate a man with less seniority. The respect for third-party interests manifested in Eckles cuts in favor of affirmance in the case before us. "The requirement of reasonable accommodation does not entail an obligation to do everything humanly possible to accommodate a disabled person," see Bronk v. Ineichen, 54 F.3d 425, 429 (7th Cir.1995), and in the case at bar we are not persuaded that the requirement could be found to have entailed an obligation to deprive Ms. Spanier and her children of their accommodations.
 
 
 14
 Accordingly, and for all of the reasons given by the district court in the memorandum of opinion and order entered on January 13, 1995, the judgment is AFFIRMED.